IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 FEB 22  P 2: 17

CLERK L. LaVictoire
S. DIST. OF GA.

TOMMY EDWARD GIBSON,

 Plaintiff,

vs.

Warden HUGH SMITH; Deputy
Warden STEVE ROBERTS;
Officer JOHN DOE 1, and Officer
JOHN DOE 2,

 Defendants.

CIVIL ACTION NO.: CV606-012

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Tommy Gibson ("Plaintiff") filed an action pursuant to 42 U.S.C. § 1983 challenging certain conditions of his confinement. Defendants Hugh Smith and Steve Roberts ("Movants") filed a Motion for Summary Judgment, and Plaintiff filed a Response. For the reasons which follow, Movants' Motion for Summary Judgment should be **GRANTED**.

### STATEMENT OF THE CASE

Plaintiff asserts he was assaulted by two fellow inmates after the inmates were allowed access to his dorm by Defendant John Doe 1. Plaintiff avers Defendant John Doe 2 was not at his post in the dorm at the time. Plaintiff contends he was "viciously attacked" by inmate Ramirez, who used a "homemade" knife to cut his neck, face, finger, and body while inmate Skinner watched at Plaintiff's cell door. (Compl., ¶¶ 6-7.) Plaintiff alleges Movants and Defendants Doe 1 and Doe 2 were deliberately indifferent

to his safety by failing to protect him from this attack. Plaintiff also alleges Movants were deliberately indifferent to his safety, as well as the safety of his fellow inmates, because Georgia State Prison was understaffed at the time of this incident.

Movants assert they were unaware of a substantial risk of harm to Plaintiff's safety prior to the alleged assault. Movants also assert Plaintiff fails to show Georgia State Prison did not have adequate staffing or security procedures in place on the date in question. Movants conclude Plaintiff's claims against them should be dismissed as a matter of law.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil

Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

**I.      Plaintiff's Deliberate Indifference Claims.**

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313, 1319 (11th Cir. 2005). "To be deliberately indifferent[, prison officials] must know of and disregard 'an excessive risk to inmate health or safety; the official[s] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference.'" Id. at 1319-20 (quoting Farmer v. Brennan, 511

U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994)). Whether a substantial risk of serious harm exists so that an Eighth Amendment violation may be shown involves a legal rule which takes form through its application to facts. For summary judgment purposes, all disputed facts are resolved in accord with the plaintiff's view of the facts. Id. at 1320.

### A. Plaintiff's Failure to Protect Claim.

Movants assert they were not aware at any time prior to Plaintiff being assaulted that the inmates who assaulted Plaintiff posed a threat to him. Movants also assert Plaintiff did not inform them that he was in danger because of these inmates and that Plaintiff did not request to be placed in protective custody because these inmates threatened him on a previous occasion.

Plaintiff contends the inmates who attacked him were given access to his dorm and cell by Defendants John Doe 1 and 2. Plaintiff also contends the inmates' attack was an "agency of the John Doe corrections officers and tantamount to an attack by the officers." (Pl.'s Br., p. 6.) Plaintiff alleges there was no "penological reason for instigating the attack on" him when he was sleeping inside of his locked cell. (Id.)

There is no evidence before the Court that Movants were aware of a known risk, general or specific, to Plaintiff's safety prior to him being assaulted by two other inmates. Based on Plaintiff's allegations, Defendant John Doe 1 allowed the other two inmates access to the dorm in which Plaintiff was housed. Plaintiff has set forth absolutely no evidence which presents an issue of material fact as to whether Movants were subjectively aware of a risk of harm to Plaintiff's safety and that Movants disregarded that risk. See Purcell, 400 F.3d at 1319-20. In fact, Plaintiff admits he did

not inform Movants prior to January 15, 2006, that inmates Ramirez and Skinner posed any risk to his safety. (Doc. No. 14, p. 3.) Accordingly, Movants should be entitled to summary judgment based on Plaintiff's claims that Movants failed to protect him from a known risk of harm.

### B.      Plaintiff's Inadequate Staffing Claim.

Movants contend Plaintiff has "absolutely no evidence" that the security and staffing at Georgia State Prison on the date in question was "anything other than adequate." (Mov.'s Br., p. 5.) Plaintiff asserts there was an inadequate staffing level at the time of this incident which led to the attack on him.

The allegations Plaintiff makes in this regard are essentially: (1) the inadequate level of GSP staffing on January 16, 2005, created a substantial risk of harm to Plaintiff; (2) Movants knew of this risk; (3) Movants nonetheless staffed GSP at inadequate levels; and (4) but for the inadequate staffing, Plaintiff would not have been assaulted.

Based on the evidence before the Court, it appears that Defendant John Doe 1's alleged actions in permitting access to Plaintiff's dorm to two inmates who were not housed in the dorm supersede any inadequate staffing issues which may have survived summary judgment. Having stated this, it nonetheless appears that Plaintiff cannot overcome his burden to survive the instant motion. Plaintiff has not properly refuted Movants' assertion that there is no evidence that the security and staffing at Georgia State Prison on the date in question were anything other than adequate. See Hickson, 357 F.3d at 1260. In support of his claim that the staffing level on the date in question was inadequate, Plaintiff has submitted this Court's opinion in Isby v. Smith, CV604-157 (Doc. No. 60, S.D. Ga. Oct. 30, 2006), and the documents submitted in that case which

defeated the defendants' motion for summary judgment based on Isby's inadequate staffing claim. While this supporting documentation was sufficient to overcome the defendants' motion for summary judgment in Isby, this same evidence is insufficient to support Plaintiff's claim that on January 16, 2005, staffing levels at Georgia State Prison were inadequate and that said inadequacy was the cause of the assault on Plaintiff. Movants should be entitled to summary judgment based on Plaintiff's inadequate staffing claim.

It is unnecessary to address the remaining grounds of Movants' Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Hugh Smith and Steve Roberts (Doc. No. 3) be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 22 day of February, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE