IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TOMMY EDWARD GIBSON,

    Plaintiff,

vs.

Warden HUGH SMITH; Deputy
Warden STEVE ROBERTS;
Officer JOHN DOE 1, and Officer
JOHN DOE 2,

    Defendants.

CIVIL ACTION NO.: CV606-012

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff asserts he presented evidence, by way of his affidavit, that his dorm was understaffed at the time of the assault because "their (sic) was no officer in the dorm as required by minimum security staffing" requirements. (Doc. No. 18, p. 2.) Plaintiff submitted two affidavits in support of his opposition to Movants' Motion for Summary Judgment. However, contrary to Plaintiff's assertion, these affidavits do not create a genuine issue of material fact as to whether his dorm was understaffed at the time two other inmates allegedly assaulted him. These affidavits detail Plaintiff's version of events on the date in question. At best, the second of these affidavits indicates it took approximately two minutes for the dorm officer to arrive at Plaintiff's cell after he "kicked and hollered" for help. (Doc. No. 13, Ex. A, p. 3.) This in no way

AO 72A
(Rev. 8/82)

indicates there was not an officer in the dorm or that Georgia State Prison was understaffed at the time of this alleged incident.

Plaintiff also asserts the failure of Movants Smith and Roberts to have guards in the dorm at the time Plaintiff was assaulted demonstrates that Movants were "directly responsible" for the security of inmates or were deliberately indifferent by failing to have corrections officers assigned to each dorm "in order to continuously view all inmates[,] which would have prevented inmates Ramirez and Skipper from attacking" him. (Doc. No. 18, p. 4.) Plaintiff avers the Magistrate Judge's Report is "directly opposite" to the undersigned's Order in Isby v. Smith, CV604-157 (Doc. No. 60), "holding liability on Warden Smith and the Deputy Warden of Security for the consequences of not having corrections officer in the dorms at all times except when the inmates were locked in their cells at night." (Doc. No. 18, p. 5.)

First and foremost, Plaintiff's understaffing claim against Movants Smith and Roberts is superseded by Plaintiff's admission that Defendant John Doe 1 allowed inmates Ramirez and Skipper access to Plaintiff's dorm and cell; it would be immaterial whether there were only two officers on duty that morning or twenty. Thus, Plaintiff's understaffing claim fails on the causation prong of the understaffing analysis set forth in the undersigned's Order in Isby and noted in the Magistrate Judge's Report and Recommendation. Secondly, the undersigned's Order in Isby concerning Isby's understaffing claim did not find liability on the part of the Warden and Deputy Warden of Security; rather, the undersigned found Isby had presented evidence sufficient to allow a jury to decide the issue of the Warden's and Deputy Warden's liability on Isby's understaffing claim. Finally, Plaintiff has presented no evidence applicable to the facts

in the case *sub judice* which would allow a jury to determine that Movants Smith and Roberts may be responsible for an alleged understaffing claim in *this* case. The undersigned notes the evidence submitted in the Isby case, including previous cases decided by this Court involving the same issues in the instant case. However, Isby actually provided the Court with additional evidence specific to the claims set forth in his complaint. In contrast, Plaintiff has failed to do so in this case.

Plaintiff's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. The Motion for Summary Judgment filed by Hugh Smith and Steve Roberts (Doc. No. 3) is **GRANTED**. Plaintiff's claims against Defendants Smith and Roberts are hereby **DISMISSED**.

**SO ORDERED**, this 21 day of March, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA